No. 25-2932 (L), 25-2933 (Cons.)

**IN THE UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT**

NATURAL RESOURCES DEFENSE COUNCIL, INC.,
*Petitioner,*

v.

NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION; SHAWN M. LATOURETTE, COMMISSIONER, NEW JERSEY DEPARTMENT OF ENVIRONMENTAL PROTECTION,
*Respondents,*

and

TRANSCONTINENTAL GAS PIPE LINE COMPANY, LLC
*Respondent-Intervenor*.

# PETITIONER NRDC'S OPPOSITION TO TRANSCO'S MOTION TO TRANSFER

Petitioner Natural Resources Defense Council (NRDC) opposes Respondent-Intervenor Transcontinental Gas Pipe Line Company's (Transco) motion to transfer venue to the U.S. Court of Appeals for the Third Circuit. The Natural Gas Act allows suit in a Circuit where the interstate natural gas pipeline facility at issue would be "constructed, expanded, or operated." *See* 15 U.S.C. § 717r(d)(1). Because the interstate natural gas pipeline facility at issue here would be

constructed and operated in both New Jersey and New York, this Court has jurisdiction. While this action *could* have been filed in the Third Circuit, the Act does not require that venue. The transfer motion should be denied.

## BACKGROUND

This case arises under the federal Natural Gas Act, a statute that, among other things, governs the permitting, construction, and operation of interstate natural gas pipeline projects like the proposed Northeast Supply Enhancement project ("NESE Project") at issue here.

Section 19(d)(1) of the Natural Gas Act governs judicial review of certain federal and state permits related to interstate natural gas pipeline projects. 15 U.S.C. § 717r(d)(1). The Act limits judicial review of such permits to the federal Courts of Appeals where the "facility" at issue "is proposed to be constructed, expanded, or operated." *Id.*

The NESE Project is proposed to be constructed and operated across several states, including New York. Indeed, respondent New Jersey Department of Environmental Protection (NJDEP) describes the NESE Project as a "proposed expansion of Transco's existing system

from Pennsylvania through New Jersey to New York."[1] The NESE Project's largest component is called the Raritan Bay Loop, which would require installation of an offshore, underwater pipeline from "Middlesex County, New Jersey, to Transco's Rockaway Transfer Point in New York State waters." Resp't's Mot. Transfer Pets. for Review to 3d Cir. Ct. Appeals ("Mot.") 3, Dkt. No. 27.1. The proposed Raritan Bay Loop would run more than 23 miles through the Raritan Bay and Lower New York Bay, with around 6 miles in New Jersey state waters and a remaining 17-plus miles in New York state waters. *See* Kellogg Decl. ¶ 8 & n.5 (attached to Dkt. No. 27.1).[2] As portrayed in Transco's permit application materials, the proposed Raritan Bay Loop would wind from the New Jersey coastline, into New York waters, and back into New Jersey waters, before finally terminating in New York waters off Queens. *See* Decl. of Mary M. Donnelly Ex. B.

In this case, NRDC challenges NJDEP's decision to issue a water quality certification for the NESE Project under Section 401 of the

[1] NJDEP, *Transcontinental Gas Pipeline Co. – Northeast Supply Enhancement Project*, https://perma.cc/94NP-DHVE; *see also* Pet. for Review Ex. A, at 1, Dkt. No. 2.1(describing scope of the NESE Project).
[2] *See also* Transco, Environmental Report 14 (May 2025), https://perma.cc/856C-GEKC (describing the Raritan Bay Loop).

federal Clean Water Act, 33 U.S.C. § 1341(a). Agency Appeal Pre-Arg. Statement, Addendum A, at 1-2, Dkt. No. 21.2.[3] Consistent with its public comments, NRDC's petition relates solely to the portions of NJDEP's water quality certification that address the Raritan Bay Loop.[4]

## ARGUMENT

### I. This Court has jurisdiction because the NESE Project would be constructed and operated within this Circuit

The review provisions in Section 19(d) of the Natural Gas Act reflect a broad goal of ensuring streamlined judicial review to prevent piecemeal litigation that might otherwise stymie project completion. *Islander E. Pipeline Co. v. Conn. Dep't of Env't Prot.*, 482 F.3d 79, 85 (2d Cir. 2006) (explaining that "Congress enacted section 19(d) because applicants . . . were encountering difficulty proceeding with natural gas projects that depended on obtaining state agency permits"). As relevant here, Section 19(d) streamlines litigation by requiring expedited review,

---

[3] As this Court is aware, NRDC is also a petitioner in the challenge to the New York State Department of Environmental Conservation's water quality certification for the NESE Project. *See* Case No. 25-2938.

[4] *See* Donnelly Decl. Ex. A, at 2 (NRDC comment letter focusing on one aspect of the NJDEP permit application: the "offshore construction through Raritan Bay").

15 U.S.C. § 717r(d)(5), and by vesting jurisdiction in "[t]he United States Court of Appeals for the circuit in which a facility . . . is proposed to be constructed, expanded, or operated," *id.* § 717r(d)(1).

In this case, the relevant "facility" is the NESE Project as a whole: an interstate natural gas pipeline expansion project proposed to be constructed and operated in New York, New Jersey, and Pennsylvania. *Supra* 2-3. Because the NESE Project is "proposed to be constructed, expanded, or operated" within the geographic boundaries of this Circuit—that is, in New York—this Court has jurisdiction.[5] *See* 15 U.S.C. § 717r(d)(1).

Transco does not dispute that the NESE Project would be constructed and operated, in part, within this Circuit. *See* Mot. 3 (conceding the Raritan Bay Loop segment of the project will run from New Jersey to New York). Instead, Transco focuses on the specifics of NJDEP's permit for the NESE Project to argue that only the Third

---

[5] The Third Circuit would have jurisdiction for the same reason. Because jurisdiction is proper in either the Second or Third Circuit, NRDC was entitled to its choice of venue. Transco's motion—which focuses solely on jurisdiction—does not argue otherwise.

Circuit has jurisdiction. *See* Mot. 6. Transco's arguments, however, are divorced from the text, structure, and purposes of the Natural Gas Act.

Transco's reliance on the fact that NJDEP is an agency based within the Third Circuit, and that its water quality certification "does not authorize construction" outside of New Jersey, *see* Mot. 5-6, is misplaced. Section 19(d)(1) ties jurisdiction to the location of the proposed "facility," not the address of the permitting agency or the location of the specific construction that a permit authorizes. *See* 15 U.S.C. § 717r(d)(1).

Transco's broader argument that the NESE Project should be considered multiple separate "facilities" for purposes of determining jurisdiction, *see* Mot. 3-4; Kellogg Decl. ¶ 8, is inconsistent with "the broader context of the statute as a whole." *See United States v. Rowland*, 826 F.3d 100, 108 (2d Cir. 2016) (citation omitted). The Natural Gas Act regulates *interstate* pipelines, including their solely intrastate sections. *See N.Y. State Dep't of Env't Conservation v. FERC*, 884 F.3d 450, 456-57 (2d Cir. 2018). When companies seek federal approval for a new interstate pipeline project, they do so for the *entire*

project, not in a piecemeal, state-by-state fashion.[6] While state permits are necessarily sought on a state-by-state basis, Congress added Section 19(d)(1) to facilitate the efficient judicial review of those permits, with an eye toward alleviating fractured litigation that had plagued pipeline projects. *Islander E.*, 482 F.3d at 85. Allowing petitioners like NRDC to challenge multiple permits for a single interstate pipeline project in a single Court of Appeals furthers that purpose. Requiring fractured litigation across Circuits whenever a project crosses Circuit boundaries, as Transco advocates, would not.

The cases that Transco cites, *see* Mot. 5, are inapposite. Those cases stand for the unremarkable proposition that the Third Circuit had jurisdiction when the proposed pipeline expansion projects would be constructed entirely within that Circuit. *See Del. Riverkeeper Network v. Pa. Dep't of Env't Prot.*, 833 F.3d 360, 367 (3d Cir. 2016) (a pipeline expansion entirely in Pennsylvania and New Jersey); *Twp. of Bordentown v. FERC*, 903 F.3d 234, 244 (3d Cir. 2018) (a pipeline

---

[6] Here, Transco sought and received approval from the Federal Energy Regulatory Commission for the *entire* NESE Project. *Transcon. Gas Pipe Line Co.,* 192 FERC ¶ 61,184, 2025 WL 2491201 at *1 (Aug. 28, 2025).

expansion entirely in New Jersey). The cases had no reason to address the issue here: which Courts of Appeals have jurisdiction when a pipeline project would cross multiple Circuits.

Transco's proposed answer to that question—that the Court should break up the interstate pipeline project into smaller chunks for purposes of jurisdiction—leads to absurd outcomes. It would not only mean that Section 19(d)(1) challenges to state permits *must* be heard across as many federal Circuits as the interstate pipeline project touches, despite the Act's goal of streamlining judicial review. But it would also—taken to its logical conclusion—require a challenge to a single federal permit that allows construction in multiple Circuits to be broken up and filed in separate federal Courts of Appeals. This is not a hypothetical: Transco sought a Clean Water Act permit from the U.S. Army Corps of Engineers for construction in *both* New York and New Jersey waters.[7] Under Transco's theory, a petitioner would have to file separate lawsuits in the Second and Third Circuit to challenge the full

[7] *See* Transco, Analysis for Compliance with Clean Water Act Section 401(b)(1) Guidelines for U.S. Army Corps of Engineers – New York District, at 1-5 to 1-6 (May 2025), https://perma.cc/L9Y9-2TBR.

scope of that single permit. The Court should reject any interpretation of Section 19(d)(1) that requires such an absurd outcome.

## II. This Court has jurisdiction even under Transco's interpretation of the Natural Gas Act

Even if the Court accepted Transco's implicit proposal to treat the Raritan Bay Loop, Madison Loop, and Compressor Station 206 as discrete "facilities" for purposes of jurisdiction, *see* Mot. 3, this Court would still have jurisdiction. As noted earlier, NRDC's petition only challenges aspects of NJDEP's water quality certification that relate to the Raritan Bay Loop. *Supra* 4. In addition to being the longest portion of the NESE Project, the Raritan Bay Loop would be constructed and operated in *both* New York and New Jersey. *Supra* 3.[8] And while the Raritan Bay Loop would wind back and forth between the two states along its 23-plus-mile path, *see supra* 3, nearly 75% of the Loop would be constructed in New York. *See* Kellogg Decl. ¶ 8 & n.5.

For these reasons, even if the Raritan Bay Loop is a "facility" for purposes of determining jurisdiction under Section 19(d)(1) (which it is not), this Court still has jurisdiction because part of—indeed, the

---

[8] *See also* Transco, Environmental Report, *supra* note 2, at 14 ("Raritan Bay Loop (New Jersey and New York)").

majority of—the Raritan Bay Loop would be "constructed, expanded, or operated" within this Circuit. 15 U.S.C. § 717r(d)(1).

* * *

Because the interstate natural gas pipeline "facility" at issue in this case—however one defines "facility"—is proposed to be constructed and operated in both this Circuit and the Third Circuit, jurisdiction would be proper in either Circuit. NRDC was thus entitled to its choice of venue. And because Transco's transfer motion is premised solely on the incorrect argument that this Court lacks jurisdiction, *see* Mot. 7 (relying only on 28 U.S.C. § 1631), the motion should be denied.[9]

## CONCLUSION

Because this Court has jurisdiction, the motion to transfer should be denied.

DATED: December 15, 2025

Respectfully submitted,

*/s/ Jackson P. Garrity*
Jackson P. Garrity

[9] If the Court concludes it lacks jurisdiction, NRDC agrees with Transco that transfer to the Third Circuit, rather than dismissal, is appropriate. Mot. 7-8. NRDC requests that any such transfer be ordered to occur forthwith, in accord with the Natural Gas Act's requirement that the case be "set . . . for expedited consideration." *See* 15 U.S.C. § 717r(d)(5).

NATURAL RESOURCES DEFENSE COUNCIL
20 North Wacker Drive Suite 1600
Chicago, IL 60606
312-995-5909
jgarrity@nrdc.org

Jared E. Knicley
NATURAL RESOURCES DEFENSE COUNCIL
1152 15th Street NW, Suite 300
Washington, DC 20005
202-513-6242
jknicley@nrdc.org

Mark A. Izeman
NATURAL RESOURCES DEFENSE COUNCIL
40 West 20th Street 11th Floor
New York, NY 10011
212-727-4453
mizeman@nrdc.org

*Counsel for Petitioner Natural Resources Defense Council*

## CERTIFICATE OF COMPLIANCE

This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2) because this document contains 1,832 words.

This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in proportionally spaced typeface using Microsoft Word for Windows Office 365 in 14-point Century Schoolbook.

*/s/ Jackson P. Garrity*

Jackson P. Garrity
NATURAL RESOURCES DEFENSE COUNCIL
20 North Wacker Drive Suite 1600
Chicago, IL 60606
312-995-5909
jgarrity@nrdc.org